**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Adams,* Slip Opinion No. 2016-Ohio-3043.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3043

THE STATE OF OHIO, APPELLEE *v*. ADAMS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Adams,* Slip Opinion No. 2016-Ohio-3043.]**

*Criminal law—Application to reopen direct appeal based on claim of ineffective assistance of appellate counsel—Applicant failed to raise a genuine issue of ineffective assistance of appellate counsel—Court of appeals' denial of application to reopen affirmed.*

(No. 2012-1274—Submitted January 26, 2016—Decided May 19, 2016.)

APPEAL from the Court of Appeals for Mahoning County, No. 08 MA 246, 2012-Ohio-2719.

_____

**Per Curiam.**

{¶ 1} A jury convicted appellant, Bennie Adams, of the aggravated murder of Gina Tenney, and he was sentenced to death.  A majority of this court affirmed his conviction but vacated the death sentence.  *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127.  Before that decision was released, Adams filed

an App.R. 26(B) application to reopen his direct appeal in the Seventh District Court of Appeals, which was denied. Adams then filed an appeal of right with this court. We affirm.

## Standard of Review

{¶ 2} An application to reopen the appeal of a conviction will be granted if there is a genuine issue as to whether the applicant was denied effective assistance of appellate counsel. App.R. 26(B). To succeed on an App.R. 26(B) application, a petitioner must establish that counsel's performance fell below an objective standard of reasonable representation *and* that he was prejudiced by the deficient performance. *State v. Dillon*, 74 Ohio St.3d 166, 171, 657 N.E.2d 273 (1995).

## Proposition of Law No. 1: Confrontation Clause

{¶ 3} At the trial in the underlying case, Dr. Humphrey Germaniuk testified as the state's expert forensic pathologist and substitute witness in place of the coroner who performed Tenney's autopsy. *Adams* at ¶ 50-51. In his first proposition of law, Adams argues that the admission of the coroner's report without the testimony of the doctor who prepared the report violated his rights under the Confrontation Clause of the Sixth Amendment and that his appellate counsel were ineffective for failing to raise this issue on direct appeal. Amici curiae Ohio Association of Criminal Defense Lawyers and the Cuyahoga County Public Defender filed a brief with the court in support of Adams's argument.

{¶ 4} At the time this App.R. 26(B) application was briefed, the law surrounding the admissibility of autopsy reports prepared by nontestifying medical examiners was unsettled. However, we have since held that "an autopsy report that is neither prepared for the primary purpose of accusing a targeted individual nor prepared for the primary purpose of providing evidence in a criminal trial is nontestimonial, and its admission into evidence at trial under Evid.R. 803(6) as a business record does not violate a defendant's Sixth Amendment confrontation rights." *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 63.

**{¶ 5}** Adams argues that the state could have called the coroner who had performed the autopsy, but chose not to do so. Even assuming this is true, the availability of the original coroner is irrelevant. Evid.R. 803, which contains the business-records exception to the hearsay rule, expressly states that evidence within the scope of the rule is admissible "even though the declarant is available as a witness."

**{¶ 6}** Alternatively, Adams argues that it was a Confrontation Clause violation to allow Germaniuk to testify as to the contents of the report or to offer his own opinions. *Maxwell* resolved these issues as well. Because the report is itself admissible, Germaniuk's testimony as to its contents is not a Confrontation Clause problem. *Maxwell*, ¶ 51-52. With respect to Germaniuk's testifying as to his own opinions, "[s]uch testimony constituted [his] original observations and opinions and did not violate the Confrontation Clause, because he was available for cross-examination regarding them." *Id*. at ¶ 53.

**{¶ 7}** Based on *Maxwell*, we hold that the failure to challenge Germaniuk's testimony or the autopsy report was not ineffective representation, because any such challenge would have failed as a matter of law. The first proposition of law lacks merit.

Proposition of Law No. 2: Ineffective Assistance

of Trial and Appellate Counsel

**{¶ 8}** In his second proposition of law, Adams identifies six objections that his trial counsel should have raised. According to Adams, his appellate counsel were ineffective for not raising these as instances of ineffective assistance of trial counsel.

*Failure to object to the court's questioning of the state's witnesses*

**{¶ 9}** The trial court conducted a pretrial hearing to consider the admissibility of testimony from Tenney's friends concerning statements she made before her death about Adams and/or her generally fearful state of mind. *Adams*,

144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 227-228. With respect to testimony about Tenney's general state of mind, "the trial judge decided (without objection) that he alone would pose the questions to the witnesses." *Id*. at ¶ 228.

{¶ 10} On direct appeal, Adams argued that the trial judge had impermissibly interjected himself into the proceedings in a way that was overly favorable to the state. *Id*. We found no evidence of partiality and therefore rejected this argument. *Id*. at ¶ 229-230.

{¶ 11} In the present application to reopen, Adams contends that he was prejudiced by his trial counsel's failure to object to the trial court's questioning at the time. The court of appeals rejected this claim because in its consideration of Adams's direct appeal, it

> ruled on the merits of the issue regardless of the fact that trial counsel did not raise the issue to the trial court at the motion in limine hearing. Hence, it is irrelevant that appellate counsel did not specifically raise ineffective assistance of trial counsel.

2012-Ohio-2719, at ¶ 34. We agree with the appellate court that Adams was not prejudiced, because the underlying issue was addressed in his direct appeal, despite the absence of an objection.

*Failure to object to prejudicial comments made by a witness for the state*

{¶ 12} Adams faults his trial counsel for failing to object to two prejudicial statements made by Detective William Blanchard at trial. First, when asked whether he had previously testified in this case, Blanchard volunteered that he had testified at two "suppression hearings." *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 197. Second, when asked whether he had had any conversations with Adena Fedelia, Adams's girlfriend, after January 3, 1986,

Blanchard replied, "Not about this case." *Id*. Trial counsel did not object to either statement.

{¶ 13} Blanchard also mentioned the name of the victim in an unrelated rape that Adams had been convicted of committing. *Id*. But Blanchard did not say anything other than the victim's name; he did not indicate that she was a rape victim. *Id.* at ¶ 202. At that point, Adams's counsel objected and requested a mistrial, based on all three remarks. *Id*. at ¶ 197.

{¶ 14} On direct appeal, we upheld the denial of the motion for mistrial. *Id*. at ¶ 199. In doing so, we specifically held that "[Blanchard's] comment about talking to Fedelia was too ambiguous to be prejudicial." *Id*. at ¶ 201. Likewise, we held that the "isolated reference" to suppression hearings was not prejudicial, because Blanchard did not state or insinuate that the motion had been granted and that evidence was being withheld from the jury. *Id*. at ¶ 200.

{¶ 15} In the application to reopen the appeal, Adams faults his trial counsel for not objecting to Blanchard's remarks at the time they were made. Here again, the appellate court correctly saw no reason to reopen the appeal because it had addressed the merits of the objections in the context of reviewing the trial court's denial of the motion for mistrial. 2012-Ohio-2719, at ¶ 43.

*Failure to make a record*

{¶ 16} Before trial, Adams filed a motion to dismiss the indictment based on an alleged speedy-trial violation; the trial court denied the motion. *See Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 80. On direct appeal, Adams objected to the trial court's failure to state its findings of fact on the record, as required by Crim.R. 12(F). This court rejected the argument because Crim.R. 12(F) is not self-executing and Adams never requested findings of fact. *Adams* at ¶ 112.

{¶ 17} In his application for reopening, Adams claims that his appellate counsel were ineffective for not alleging ineffective assistance of trial counsel for

failing to object to the trial court's omission of the findings of fact. The appellate court concluded that Adams failed to prove prejudice, as required in an application for reopening, because the record was sufficiently complete to permit appellate review of the speedy-trial motion. 2012-Ohio-2719, ¶ 54.

{¶ 18} In his appeal to this court, Adams claims that he was prejudiced but never explains how. We therefore affirm the appellate court's decision because Adams has given us no reason to do otherwise.

*Failure to object to the removal of prospective juror Nos. 11 and 31*

{¶ 19} Adams asserts that trial counsel failed to preserve his challenge, pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the removal of prospective juror Nos. 11 and 31 and that appellate counsel failed to raise trial counsel's ineffectiveness in failing to preserve the claim. But the claim *was* preserved on direct appeal, and this court considered and rejected Adams's *Batson* challenge to the removal of prospective juror Nos. 11 and 31 on the merits. *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 159-162. It follows that no ineffectiveness may be imputed to appellate counsel and that this claim must fail.

*Failure to present expert psychological testimony during the mitigation phase*

{¶ 20} Adams claims that if his trial counsel had presented expert psychological testimony during the mitigation phase, there is "a reasonable probability" that he would have been spared the death penalty. Because Adams's death sentence was vacated on direct appeal, this argument is now moot.

*Failure to object to the autopsy report or the testimony of Germaniuk*

{¶ 21} Adams argues that his trial counsel were ineffective for failing to object to the admission of the autopsy report and Germaniuk's testimony. As explained above, the report and Germaniuk's testimony were both properly admitted. It follows, then, that the failure to object to such evidence was not deficient performance.

Proposition of Law No. 3: Sufficiency of the Evidence

{¶ 22} In his third proposition of law, Adams argues that the evidence was insufficient to convict him of aggravated murder in the course of committing rape or kidnapping. He claims ineffective assistance of appellate counsel because the sufficiency of the evidence was not challenged on direct appeal.

{¶ 23} Notwithstanding the lack of a proposition of law on the issue, we addressed the sufficiency of the evidence on direct appeal in the context of reviewing the aggravating circumstance and found sufficient evidence to prove that Adams committed aggravated murder in the course of rape and kidnapping. *Id.* at ¶ 276-277. Therefore, Adams's third proposition of law does not warrant reopening the appeal.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents.

_____

Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Kimberly S. Rigby and Kathryn L. Sandford, Assistant Ohio Public Defenders, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender; and Jeffrey Gamso, urging reversal for amici curiae, the Ohio Association of Criminal Defense Lawyers and Cuyahoga County Public Defender.

_____