[Cite as *State v. Linzey*, 2021-Ohio-1994.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANTHONY M. LINZEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0041**

---

Appellant's Application to Reopen Appeal

**BEFORE:**
Cheryl L. Waite and Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Chief Prosecuting Attorney, Criminal Division, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Anthony Linzey*, *Pro se*, Inmate No. 761-348, at Belmont Correctional Institution (BECI), P.O. Box 540, St. Clairsville, Ohio 43950, for Defendant-Appellant

Dated:  June 8, 2021

_____

**PER CURIAM.**

{¶1}  Appellant Anthony Linzey has filed an application to reopen his appeal pursuant to App.R. 26(B).  In so doing, he raises six assignments of error asserting various issues related to both his no contest plea and appellate counsel's overall representation.  For the reasons provided, Appellant's application to reopen his appeal is denied.

### Factual and Procedural History

{¶2}  On June 7, 2018, Appellant was indicted on one count of gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4).  On January 22, 2019, Appellant pleaded no contest to the sole offense as charged.

{¶3}  On March 6, 2019, the trial court held a sentencing hearing.  The court sentenced Appellant to four years of incarceration, with credit for eight days served, and five years of mandatory postrelease control.  Appellant was also designated a tier two sex offender.

{¶4}  We affirmed Appellant's convictions and sentence in *State v. Linzey*, 7th Dist. Mahoning No. 19 MA 0041, 2020-Ohio-6970 ("*Linzey I*").  Appellant subsequently filed this timely application to reopen his appeal.

### Reopening

{¶5}  Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."  An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of

counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

**{¶6}** In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, the applicant must first demonstrate deficient performance of counsel and then must demonstrate resulting prejudice. *Id.* at 687. See also App.R. 26(B)(9).

**{¶7}** "Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal." *State v. Hackett*, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 6, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

<u>ASSIGNMENT OF ERROR NO. 1</u>

Failure of appellate counsel to meet with Appellant to discuss case facts, errors, options and strategy prior to filing an appeal on behalf of the Appellant was ineffective assistance of counsel.

**{¶8}** In his first assignment of error, Appellant contends that his appellate counsel did not meet with him to discuss his appeal or advise him in any way as to the possible issues, facts, options, and strategy.

**{¶9}** Preliminarily, there is no evidence regarding the level of communication between Appellant and his appellate counsel in his appellate record. A court of appeals is limited to consideration of the evidence on the record and cannot rely on evidence *de hors* the record. *State v. Adams*, 7th Dist. Mahoning No. 08 MA 246, 2012-Ohio-2719, ¶ 67, aff'd, *State v. Adams,* 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227.

**{¶10}** Even so, Appellant's own exhibit is a letter from his appellate counsel explaining the outcome of his appeal. Within the letter, appellate counsel stated "[a]s I told you during our phone call in October, 2020, I was hoping for a favorable outcome but given that your case involved a Plea of Guilty and Sentencing, there just wasn't much to raise in the court of appeals." (Appellant's Exh. 2). This statement tends to suggest that appellate counsel did, in fact, discuss the appeal with Appellant and explain that his options were limited due to his plea. It also appears from this exhibit that counsel informed Appellant of the argument that he intended to raise on appeal. Appellant does not contest the fact that this conversation occurred. Appellant instead argues that the conversation was inadequate because he was incarcerated and unable to speak confidentially. When representing an incarcerated person on appeal, appellate counsel is somewhat limited in the ability to discuss the case. Here, appellate counsel made an effort to discuss the appeal and the issues he intended to raise with Appellant through the methods of communication that were available. As counsel presented Appellant with the issues he intended to raise and explained why he was limited to those issues, the level or method of communication does not result in effective assistance of counsel, here. Appellant also indicates that counsel called him "Jason" in the letter. While it is true that the letter from counsel did once refer to Appellant by the wrong name, Appellant's name

is correctly stated elsewhere in the letter and it is apparent that the information in the letter pertained to Appellant's case. In other words, the letter was clearly directed to the correct person.

{¶11} Appellant also contends that the lack of communication caused him to miss the deadline to file a timely appeal of this Court's decision in the Supreme Court. However, this argument is related to events that occurred after the appeal ended. Thus, any alleged action or inaction of appellate counsel that affected Appellant's ability to further appeal this Court's decision should have been directed to the Supreme Court in a motion for leave, rather than a motion in this Court to reopen his appeal.

{¶12} As such, Appellant has not raised a reasonable probability that further discussion would have resulted in a different outcome in his direct appeal.

## ASSIGNMENT OF ERROR NO. 2

Failure of appellate counsel to present the fact that Defendant/Appellant's

plea of "nolo contendere" was not made knowingly or intelligently in violation

of the 14th Amendment to the Constitution of the United States.

{¶13} Appellant argues that he did not enter a knowing, intelligent, and voluntary plea of no contest in the trial court because his counsel led him to believe that he "would likely serve only six months if he were to take a plea agreement." (Appellant's Brf., p. 4.)

{¶14} Appellant concedes that his trial counsel did not guarantee him a sentence of only six months. In addition, Appellant informed the court at the plea hearing that he believed the offense was subject to a mandatory one-year prison term. Trial counsel clarified for the court, "I certainly didn't indicate that it was mandatory time. I indicated to

him it was our best case scenario under the circumstances that we could get a year on a sentence and potentially seek to come home earlier." (1/2/19 Plea Hrg. Tr., p. 5.)

{¶15} The trial court informed Appellant that it "could actually incarcerate [him] for one year to five years." (1/2/19 Plea Hrg. Tr., p. 14.) The judge asked Appellant if he understood the sentencing range and he responded that he did. (1/2/19 Plea Hrg. Tr., p. 14.) There is no reference to a six-month sentence within the record, and it is clear Appellant understood that the trial court could impose a sentence of one to five years of incarceration.

{¶16} As such, Appellant has not raised a reasonable probability that his alleged mistaken interpretation of trial counsel's explanation of his potential sentence affected the voluntary nature of his plea. Raising this issue would not result in a different outcome in his direct appeal.

<u>ASSIGNMENT OF ERROR NO. 3</u>

Trial Counsel's failure to investigate facts of the case, led him to recommend Defendant/Appellant take a plea even though there was no evidence, medical, physical or DNA evidence that any GSI took place was ineffective assistance of trial counsel.

{¶17} Appellant argues that his counsel recommended that he accept a plea in this matter even though there is no physical evidence in this case and no medical or DNA testing was completed.

{¶18} It was apparent even at the outset, when the indictment was filed, that this case would turn on the credibility of witness testimony. Because the conduct was not

immediately reported, it does not appear that any physical evidence was available, including DNA evidence. Appellant concedes that an incident took place involving touching to the groin area, however, he claims this was an accident and did not involve a sexual motivation or sexual act. Because the parties presented competing versions of the incident, a verdict would have been based on the jury's determination of credibility as to which witness was more truthful.

{¶19} Even so, Appellant's counsel initially turned down the plea deal offered by the state at Appellant's request. However, as the deal was read into the record, Appellant asked if it was still available, because he had changed his mind and wanted to enter a plea. Thus, this record does not reflect that trial counsel pressured Appellant into accepting a deal, as he, himself, asked whether it was still available to him. (1/2/19 Plea Hrg. Tr., pp. 6-7.)

{¶20} Accordingly, Appellant has not raised a reasonable probability that physical or DNA evidence was available or that testing such evidence would have resulted in a different outcome in his direct appeal.

## ASSIGNMENT OF ERROR NO. 4

The Trial Court violated the Defendant/Appellant's rights when it proceeded with a conviction to stand against the sufficiency of evidence and the manifest weight of the evidence.

{¶21} Appellant argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.

Case No. 19 MA 0041

**{¶22}** Both sufficiency of the evidence and manifest weight of the evidence involve an analysis of the evidence presented at trial.  Appellant pleaded guilty in lieu of a trial.  As such, neither sufficiency of the evidence nor manifest weight of the evidence applies, here.

**{¶23}** Because Appellant's arguments are only available to a defendant who elected to proceed to trial, he cannot establish that a different outcome would have been likely in his direct appeal based on these arguments.

<u>ASSIGNMENT OF ERROR NO. 5</u>

The Trial Court erred in failing to ensure the Defendant/Appellant's change of plea and waiver of a jury trial was done knowingly, intelligently and voluntarily due to Appellant's known and progressive mental health conditions and/or illnesses.

**{¶24}** Appellant argues that he did not knowingly, intelligently, and voluntarily enter his plea as the trial court failed to conduct an investigation of his mental health. Although Appellant frames the argument as an issue related to his plea, his argument appears to be directed to his sentence.  Appellant appears to argue that evidence of his mental health should have been considered as mitigating evidence.

**{¶25}** Appellant's mental health was not raised at any point on the record, thus would involve evidence *de hors* the record.  To the extent that Appellant's argument involves the voluntary nature of his plea, the trial court asked Appellant if he was taking medication or had a condition that required medication.  Appellant responded that he was not taking medication and did not have a condition that required medication.  Appellant

raised no issue or concern during the plea colloquy to indicate that some mental health question may be in any way involved.

{¶26} To the extent that Appellant's argument is directed at mitigation of his sentence, his appellate counsel did attack Appellant's sentencing on appeal. After reviewing the record, we affirmed the sentence. Although counsel did not specifically raise any argument regarding Appellant's mental health, our review uncovered no indication that the sentence was contrary to law.

{¶27} We note that, while mental health is a factor a trial court may consider when imposing a sentence, it is not the only factor for a court to consider. See *State v. Bishop,* 7th Dist. Jefferson No. 18 JE 0005, 2019-Ohio-4963, ¶ 41 (evidence regarding drug addiction is a factor that may be considered when determining a sentence but does not automatically reduce a sentence.)

{¶28} Here, the trial court focused on Appellant's past criminal history when determining his sentence. *Linzey I,* at ¶ 18. The court also expressly considered the PSI, which presumably would have included information regarding Appellant's mental health. *Id.* Importantly, the court did not impose the maximum sentence, thus it is possible that the court took any mental health issues, if known, into consideration when imposing a sentence.

{¶29} As such, Appellant cannot establish a different outcome would have been likely in his direct appeal based on the record in this matter.

<u>ASSIGNMENT OF ERROR NO. 6</u>

<u>Case No. 19 MA 0041</u>

Trial Counsel failed to submit a Motion to Dismiss on the above grounds to challenge the cumulative "net effect" of errors and fundamental miscarriage of justice was ineffective assistance.

**{¶30}** Appellant appears to argue that his trial counsel should have filed a motion to dismiss the charges. He also generally argues, again, that his counsel did not meet with him to discuss the case sufficiently.

**{¶31}** "When a claim for ineffective assistance of counsel is made based on failure to file an objection or a motion, the appellant must demonstrate that the objection or motion had a reasonable probability of success." *State v. Saffell*, 7th Dist. Jefferson No. 19 JE 0021, 2020-Ohio-7022, ¶ 51. "If the objection or motion would not have been successful, then the appellant cannot prevail on the ineffective assistance of counsel claim." *Id.*, citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, ¶ 14 (4th Dist.)

**{¶32}** Appellant does not provide any scenario on which he believes a successful motion to dismiss the charges could have been based. A review of the record does not reveal any basis. The limited record before us reveals that the child victim made allegations and Appellant countered those allegations. Because this case turned on witness credibility, it would have been up to a jury to determine which side was truthful had Appellant not entered a no contest plea.

**{¶33}** Because Appellant does not provide a basis for an arguably successful motion to dismiss, Appellant cannot establish a different outcome would have been likely in his direct appeal.

## Conclusion

Case No. 19 MA 0041

**{¶34}** As previously stated, in order to show ineffective assistance of appellate counsel, Appellant must demonstrate deficient performance of counsel and resulting prejudice. Appellant has failed to show that any of the issues he attempts to raise constituted error. Hence, counsel was not ineffective for failing to raise these issues. As there is no genuine issue regarding whether Appellant was deprived of effective assistance of counsel on appeal, Appellant's application for reopening is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**

[Cite as *State v. Linzey*, 2021-Ohio-1994.]