[Cite as *State v. Grant*, 2022-Ohio-2601.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-746 |
| | : | |
| ANTHONY D. GRANT, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Anthony D. Grant, Jr., appeals from his conviction in the Greene County Court of Common Pleas after pleading no contest to one count of aggravated possession of drugs. In support of his appeal, Grant claims that the trial court erred by failing to suppress drug evidence that a police officer discovered inside of Grant's vehicle during a traffic stop. Specifically, Grant claims that when ruling on his motion to suppress, the trial court failed to state an essential factual finding on the record as required by Crim.R. 12(F). Grant also claims that the warrantless search of his vehicle was not supported by probable cause. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On November 13, 2020, a Greene County grand jury returned an indictment charging Grant with a fifth-degree-felony count of aggravated possession of drugs and a forfeiture specification. The charge resulted from Fairborn Police Sergeant Gary Mader's discovery of marijuana and psilocyn (mushrooms) inside Grant's vehicle during a traffic stop for speeding. Following his indictment, Grant filed a motion to suppress the drug evidence on grounds that Sgt. Mader's search of his vehicle was not supported by probable cause. The trial court then held a hearing on the motion, during which Sgt. Mader was the only witness to testify.

{¶ 3} Sgt. Mader testified that he had been a law enforcement officer for 24 years

and had specialized training in narcotics. Specifically, Sgt. Mader testified that he had been trained by the federal Drug Enforcement Agency on basic and advanced narcotics investigations. In addition, Sgt. Mader testified that he was a certified drug recognition expert who was trained to recognize all categories of drugs, including marijuana. Sgt. Mader further testified that he had served as a detective for Greene County's ACE Task Force and had extensive experience investigating, arresting, and participating in the prosecution of misdemeanor and felony drug offenses. With regard to marijuana, Sgt. Mader testified that he was familiar with the odors of raw and burnt marijuana and that he had been trained on both of those odors.

{¶ 4} Concerning the incident in question, Sgt. Mader testified that on August 3, 2020, he was on patrol in a marked cruiser when he stopped Grant for speeding in the area of East Xenia Drive and Chapelgate Drive in the city of Fairborn, Greene County, Ohio. Sgt. Mader testified that when he approached Grant's vehicle, he observed that Grant was the driver and the only occupant therein. Sgt. Mader testified that he introduced himself to Grant, told him the reason for the traffic stop, and asked him for his driver's license and proof of insurance.

{¶ 5} Continuing, Sgt. Mader testified that while he was interacting with Grant, the driver-side window to Grant's vehicle was down. Sgt. Mader testified that "[u]pon contacting the driver's window, [he] could smell both raw and burnt marijuana coming from inside the vehicle." Suppression Tr., p. 8. Sgt. Mader also testified that he "lean[ed] in closer to the interior of the vehicle and smell[ed] the actual inside of the vehicle" while Grant was gathering his license and proof of insurance. *Id.* Upon doing

so, Sgt. Mader testified that he noticed "the odor was stronger in there than it was while [he] was standing outside the vehicle." *Id.* at 8-9.

{¶ 6} After detecting the odors of raw and burnt marijuana, Sgt. Mader called another officer to assist him at the scene so that he could safely conduct a search of Grant's vehicle. When the backup officer arrived, Sgt. Mader informed Grant that he could smell marijuana inside of his vehicle and asked Grant if the vehicle contained any drugs. According to Sgt. Mader, Grant denied possessing, smoking, or someone else's smoking marijuana inside of his vehicle. Despite Grant's statements, Sgt. Mader decided to proceed with a warrantless search of the vehicle.

{¶ 7} During the search of Grant's vehicle, Sgt. Mader observed a purple backpack lying on the passenger-side floorboard. Sgt. Mader testified that he opened the backpack and found a bag of marijuana, a bag of mushrooms, and a digital scale contained therein. Sgt. Mader also testified that he found marijuana inside some foil in the rear driver-side door of Grant's vehicle. Sgt. Mader further testified that Grant admitted to knowing the marijuana was inside the backpack after it was found and that Grant did not show any signs of drug impairment during the traffic stop.

{¶ 8} Following Sgt. Mader's testimony, the State rested and the trial court took the matter under advisement. On May 6, 2021, the trial court issued a judgment denying Grant's motion to suppress on grounds that Sgt. Mader had had probable cause to conduct a warrantless search of Grant's vehicle by virtue of smelling the odor of burnt marijuana coming from the interior of the vehicle. Grant thereafter entered a no contest plea to aggravated possession of drugs and stipulated to the forfeiture specification. The

trial court found Grant guilty and sentenced him to five years of community control sanctions and a suspended six-month jail term.

{¶ 9} Grant now appeals from his conviction, raising a single assignment of error for review.

## Assignment of Error

{¶ 10} Grant contends that the trial court erred by denying his motion to suppress because: (1) the trial court failed to state an essential factual finding on the record as required by Crim.R. 12(F); and (2) the warrantless search of his vehicle was not supported by probable cause. We disagree with both of Grant's claims.

### *Standard of Review*

{¶ 11} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." (Citation omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citations omitted.) *Id.*

*Crim.R. 12(F)*

**{¶ 12}** As previously discussed, Grant is challenging the trial court's decision denying his motion to suppress on grounds that the trial court failed to comply with Crim.R. 12(F). Grant claims that the trial court failed to comply with Crim.R. 12(F) because the court did not expressly find on the record that Sgt. Mader's suppression hearing testimony was credible. We disagree.

**{¶ 13}** Crim.R. 12(F) provides, in relevant part, that: "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Therefore, "Crim.R. 12(F) mandates that a trial court state its essential findings on the record when factual issues are involved in determining a motion to suppress." *State v. Brown*, 2d Dist. Montgomery No. 24297, 2012-Ohio-195, ¶ 10. However, "[i]n order to invoke this provision, trial counsel must request the trial court to state its essential findings of fact on the record." *Id.*, citing *State v. Benner*, 40 Ohio St.3d 301, 317, 533 N.E.2d 701 (1988). *Accord State v. Allen*, 2d Dist. Montgomery No. 28874, 2021-Ohio-3047, ¶ 26, citing *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 16.

**{¶ 14}** "[I]f a defendant does not request findings of fact, any error is forfeited." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 112, citing *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 47. That is, a defendant waives any error if he or she does not invoke Crim.R. 12(F) by requesting the trial court to state its essential findings of fact. *State v. Winn*, 2d Dist. Montgomery No. 17194, 1999 WL 76797, *3 (Feb. 19, 1999), citing *State v. Eley*, 77 Ohio St.3d 174, 179,

672 N.E.2d 640 (1996).[1]  *See also LaMar* at ¶ 47.  This court has also held that "if the defendant does not object to the lack of findings, the error is harmless if the evidence is sufficient to demonstrate the basis for the trial court's decision."  *State v. White*, 2d Dist. Montgomery No. 23905, 2011-Ohio-503, ¶ 19, citing *State v. Sanchez*, 2d Dist. Greene No. 97-CA-32, 1998 WL 199618, *10 (Apr. 24, 1998).

{¶ 15} In this case, the record establishes that Grant never requested that the trial court state its essential factual findings on the record and thus waived any error in that regard.  Even if there had been no waiver, the record also establishes that the trial court did not commit any error under Crim.R. 12(F), as trial court made the following factual findings in its judgment entry denying Grant's motion to suppress:

Sgt. Mader testified that he had approximately 24 years of experience as a police officer and had been a sergeant with the Fairborn Police Department since 2008.  Sgt. Mader has specialized training in narcotics including DEA training and experience in drug investigations. Sgt. Mader is certified as a drug recognition expert, including of [sic] the drug marijuana.  Sgt. Mader testified that he is familiar with the odor of both raw and burnt marijuana.

On Aug. 3, 2020, Sgt. Mader was working patrol in uniform in a marked cruiser.  He made a traffic stop of Defendant's car for speeding. Sgt. Mader went up to Defendant's driver's side window to ask for identification.  At the window, Sgt. Mader could smell both raw and burnt

---

[1] *Winn* and *Eley* cite to former Crim.R. 12(E), the provisions of which are now set forth in Crim.R. 12(F).

marijuana coming from inside Defendant's car. The odors were stronger inside the car than outside the car. Sgt. Mader summoned a second unit. Once the second officer arrived, Sgt. Mader informed the Defendant that Sgt. Mader could smell drugs inside the car. The Defendant denied having drugs inside his car and denied that anyone had been smoking marijuana inside his car.

Sgt. Mader searched the vehicle, including an unlocked backpack, and found contraband in the backpack. He also found foil in the rear driver's side door with marijuana inside it.

Judgment Entry Denying Motion to Suppress (May 6, 2021), p. 1-2.

{¶ 16} Although the trial court did not expressly state that it found Sgt. Mader's testimony to be credible, that fact can be reasonably inferred from the trial court's decision denying Grant's motion to suppress. This is because the trial court's decision, i.e., that Sgt. Mader had probable cause to conduct a warrantless search of Grant's vehicle, was based on Sgt. Mader's testimony that he had smelled the odor of bunt marijuana coming from inside Grant's vehicle. Because the trial court relied on Sgt. Mader's testimony to reach its decision, it necessarily follows that the trial court found Sgt. Mader's testimony to be credible. Therefore, in addition to being waived, Grant's claim that the trial court violated Crim.R. 12(F) by failing to make a finding as to Sgt. Mader's credibility lacks merit.

*Probable Cause*

{¶ 17} For his second argument, Grant contends that the trial court should have suppressed the drug evidence discovered in his vehicle because Sgt. Mader did not have probable cause to conduct the warrantless search. Grant claims that there was no probable cause because Sgt. Mader testified that he did not observe Grant smoking marijuana or notice Grant showing any signs of drug impairment during the traffic stop in question. We disagree with Grant's claims.

{¶ 18} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "In order for a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement is applicable." *State v. Battle*, 10th Dist. Franklin No. 10AP-1132, 2011-Ohio-6661, ¶ 26, citing *State v. Moore*, 90 Ohio St.3d 47, 49, 734 N.E.2d 804 (2000).

{¶ 19} "One of the exceptions to the warrant requirement is the automobile exception, which 'allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband [* * *] and exigent circumstances necessitate a search or seizure.' " *State v. Perdue*, 2d Dist. Montgomery No. 27499, 2017-Ohio-8762, ¶ 23, quoting *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992), citing *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The traditional exigency for this exception to the warrant requirement is a vehicle's mobility. *Id.*, citing *Mills* at 367 and *California v. Carney*, 471

U.S. 386, 393, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). That is, " '[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment * * * permits police to search the vehicle without more.' " *Id.*, quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), citing *Carney* at 393.

{¶ 20} "When probable cause is found to exist under the facts and circumstances of a given case, law enforcement officers have the necessary constitutional justification to explore any areas in the vehicle, including all movable containers and packages that may reasonably contain the object of their search." *State v. Davenport*, 2017-Ohio-688, 85 N.E.3d 443, ¶ 23 (2d Dist.), citing *State v. Shipp*, 2d Dist. Montgomery No. 24933, 2012-Ohio-6189, ¶ 33, and *State v. Welch*, 18 Ohio St.3d 88, 92, 480 N.E.2d 384 (1985). Therefore, " '[t]he scope of the search extends to anywhere in the vehicle that contraband might be hidden[,]' " including "a closed container if there is probable cause to believe it contains evidence related to the crime under investigation." *State v. Boyd*, 2d Dist. Montgomery No. 28490, 2020-Ohio-125, ¶ 17, quoting *State v. Thompson*, 2d Dist. Montgomery No. 25658, 2013-Ohio-4825, ¶ 13, citing *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) and *State v. Roberts*, 2d Dist. Montgomery No. 21221, 2006-Ohio-3042, ¶ 18.

{¶ 21} "[T]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *Moore*, 90 Ohio St.3d at 48, 734 N.E.2d 804. "There need be no other tangible evidence to justify a warrantless search

of a vehicle." *Id.*

{¶ 22} In this case, Sgt. Mader testified that, during the traffic stop in question, he smelled the odors of raw and burnt marijuana coming from inside Grant's vehicle while he was at the driver-side window, and that those odors became more intense when he leaned in closer to the interior of the vehicle. Although R.C. 3796.06(A)(3) allows for the possession of medical marijuana "plant material," section (B)(1) of the statue prohibits "the smoking or combustion of medical marijuana." Because Sgt. Mader smelled the odor of *burnt* marijuana, he had probable cause to search the vehicle notwithstanding the possibility that Grant had a medical marijuana license, as the odor of burnt marijuana is indicative of smoking it in violation of R.C. 3796.06(B)(1). *See State v. Caldwell*, 12th Dist. Butler No. CA2021-02-017, 2021-Ohio-3777, ¶ 19, quoting R.C. 3796.06(B)(1) ("The odor of burnt marijuana was indicative of probable cause * * * even though Caldwell had a medical marijuana card, because under Ohio's Medical Marijuana Control Program, '[t]he smoking or combustion of medical marijuana is prohibited.' "). Regardless, when Sgt. Mader asked Grant about the odors, Grant denied either possessing or smoking marijuana in his vehicle, thus giving Sgt. Mader no reason to believe that the odors were the product of Grant's lawfully possessing medical marijuana.

{¶ 23} Sgt. Mader also testified to being a certified drug recognition expert who was trained to recognize all categories of drugs, including marijuana. Sgt. Mader specifically testified that he was familiar with the odors of raw and burnt marijuana and that he had been trained on both of those odors. Therefore, the suppression hearing testimony established that Sgt. Mader was qualified to recognize the odors of raw and

burnt marijuana and that he detected those odors coming from inside Grant's vehicle. This by itself was sufficient to provide Sgt. Mader with probable cause to search Grant's vehicle and all the containers found therein, including the purple backpack and the foil that contained the drug evidence at issue. The fact that Sgt. Mader did not actually observe Grant smoking marijuana or observe Grant showing any signs of drug impairment was immaterial to the probable cause analysis in this case. Accordingly, Grant's probable cause argument lacks merit.

{¶ 24} For all the foregoing reasons, Grant's sole assignment of error is overruled.

## Conclusion

{¶ 25} Having overruled Grant's sole assignment of error, the judgment of the trial court denying Grant's motion to suppress is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Megan A. Hammond
Lucas W. Wilder
Hon. Michael A. Buckwalter