[Cite as *State v. Anderson*, 2025-Ohio-1172.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SAMMY FRENCHHAIL ANDERSON JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0047

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones,* for Defendant-Appellant.

Dated: April 1, 2025

**PER CURIAM.**

{¶1}   On February 19, 2025, Appellant, Sammy Frenchhail Anderson Jr., filed a timely application to reopen his direct appeal pursuant to App.R. 26(B).   On March 7, 2025, the state filed its response.

{¶2}   A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error, or an argument in support of an assignment of error, that was not considered on the merits (or that was considered on an incomplete record) due to appellate counsel's deficient representation.   App.R. 26(B)(1),(2)(c).   Pursuant to the rule, in order to warrant reopening for further briefing, the application must demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).   If a genuine issue on ineffectiveness is established and further briefing is ordered, then the appellant must fully prove the ineffectiveness of appellate counsel by demonstrating deficient performance and prejudice. App.R. 26(B)(7)-(9).

{¶3}   The traditional two-pronged test for deficiency and prejudice provides the underlying framework for assessing whether an application raises a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B)(5). *State v. Tenace*, 2006-Ohio-2987, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Adams*, 2016-Ohio-3043, ¶ 2. *See also* App.R. 26(B)(2)(d) (requiring a sworn statement on the basis for claiming deficient representation and how the deficiency prejudicially affected the outcome of the appeal). Deficient performance means a serious error in representation that falls below an objective standard of reasonableness. *Strickland*, *supra*, (refrain from second-guessing the strategic decisions of counsel). In assessing the alleged deficiency, a reviewing court defers to counsel's judgment and presumes the contested conduct was within the wide range of reasonable representation. *Tenace* at ¶ 7.   Prejudice exists if there is a reasonable probability the result of the proceedings would have been different in the absence of the alleged deficiency. *Id.* at ¶ 5. A reasonable probability is more than "some conceivable effect on the outcome of the proceeding." *Strickland*, at 693; *State v. Carter*, 72 Ohio St.3d 545, 558 (1995) (counsel's lacking performance caused unreliable results or fundamental unfairness).

**{¶4}** More specifically to the first stage in App.R. 26(B), for the applicant "to justify reopening his appeal" for further briefing, he must meet "the burden of establishing there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Tenace* at ¶ 6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). *See also State v. Were,* 2008-Ohio-5277, ¶ 11. A reopening applicant must keep in mind the following principle: "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Tenace* at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983) and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

**{¶5}** On November 21, 2024, we affirmed Appellant's convictions for one count of felonious assault (committed on June 15, 2023) in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; one count of felonious assault (committed on September 14, 2023) in violation of R.C. 2903.11(A)(2) (by means of a deadly weapon or dangerous ordnance), and (D)(1)(a), a felony of the second degree with a fifty-four month firearm specification pursuant to R.C. 2941.145(D); one count of having a weapon under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree with a fifty-four month firearm specification pursuant to R.C. 2941.145(D); and one count of aggravated menacing in violation of R.C. 2902.21(A) and (B), a misdemeanor of the first degree. *State v. Anderson*, 2024-Ohio-5515 (7th Dist.).

**{¶6}** In his application, Appellant contends the trial court abused its discretion in admitting hearsay statements of the victim, B.M., through the testimony of Officer William Burton. With respect to the June 15, 2023 felonious assault, Officer Burton testified that B.M. provided the following narrative while awaiting treatment at the hospital:

> [B.M.] said that she had been in pretty much an all-day argument with her boyfriend. It started at her sister's house. They had gone to dinner. He became enraged for no reason. She stated that that was a common occurrence with him. He'd get upset over absolutely nothing. She tried to keep him calm, to not engage with him in order to make him grow more upset; that helped.
>
> They left the sister's house and he began to beat her while they were driving. He was driving her car. And he drove around aimlessly around the

city while beating her, eventually dropping her off on the east side where I found her.

(Trial Tr., p. 244-245.)  The state asked Officer Burton, "[d]id she say beating her with what?"  Officer Burton responded, "[h]is fist." (*Id.* at p. 245.)

**{¶7}**  Defense counsel objected to the testimony as hearsay, but the trial court allowed it under the "excited utterance" exception to the hearsay rule.  *See* Ohio Evid.R. 803(2).  The discussion outside the presence of the jury regarding defense counsel's objection to Officer Burton's testimony was not made a part of the record.

**{¶8}**  In Appellant's application, he argues B.M.'s statement to Officer Burton occurred while she was awaiting treatment at the hospital, and constitutes a "deliberate narration" rather than a "spontaneous reaction."  (Application at p. 5.)  Appellant writes, "[t]his improperly admitted testimony became central to the prosecution's case, filling evidentiary gaps that otherwise might have raised reasonable doubt."  (*Id.* at p. 3.)  Appellant argues the outcome of the trial would have been different but for Officer Burton's testimony.  Finally, Appellant asserts the jury was allowed "to hear B.M.'s secondhand statements without cross-examination."  (*Id.* at p. 2.)

**{¶9}**  B.M. testified at trial subject to a subpoena.  We summarized her testimony regarding the events of June 15, 2023 as follows:

> B.M. met and began dating Appellant in April of 2021. (*Id.* at 419.) The couple frequently argued, which typically resulted in Appellant becoming physically abusive toward B.M. (*Id.* at 419-420.) Despite consistent physical abuse, B.M. continued the relationship with Appellant. (*Id.* at 421.)

> B.M. was a passenger in her own automobile with Appellant, who was in the driver's seat, on June 15, 2023, when Appellant began punching her in the face, side, and arms while he was driving. (*Id.* at 423). B.M. did not retaliate due to her fear of escalating the violence. (*Id.* at 424-425.) Appellant eventually forced B.M. from her automobile.

While walking to her aunt's house, B.M. called the police. (*Id.* at 428-429.) She recounted the assault to both YPD and the emergency medical technician. (*Id.* at 430.) B.M. identified Appellant as the perpetrator. (*Id.* at 433.) . . .

*State v. Anderson*, 2024-Ohio-5515, ¶ 14-16 (7th Dist.)

{¶10} Contrary to Appellant's argument, Officer Burton's challenged testimony did not fill evidentiary gaps that otherwise might have raised reasonable doubt because B.M. provided the very same account of the events of June 15, 2023. Further, defense counsel was able to cross-examine B.M.'s recitation of the facts as she testified at trial.

{¶11} Finally, an emergency medical technician ("EMT") who treated B.M. testified B.M. stated Appellant had beaten her while he was driving and she was a passenger in her automobile. (Trial Tr., at p. 265). Appellant argues that B.M.'s statement to Officer Burton occurred too long after she was beaten by Appellant to constitute an excited utterance. However, B.M. provided the same information to the EMT, who was summoned by Officer Burton shortly after he discovered B.M. on the street. Specifically, Officer Burton testified, "I observed a female sitting on the road badly, badly beaten both -- with very serious injuries. I made contact with her, called for an ambulance to make sure that she would get immediate attention. Because she obviously needed it." (*Id.* at p. 238.) On cross-examination, Officer Burton testified the ambulance arrived roughly ten minutes after his call. (*Id.* at p. 250.)

{¶12} Later in the application, Appellant writes, "[t]he impact of this hearsay evidence on the trial cannot be overstated. The prosecution lacked direct forensic evidence linking [Appellant] to the firearm allegedly used in the [September 14, 2023] incident." (Application at p. 6.) Appellant's argument conflates the two felonious assault convictions. Officer Burton testified exclusively with respect to the June 15, 2023 felonious assault, which Appellant carried out with his fists.

{¶13} Insofar as Officer Burton's challenged testimony was duplicative of testimony provided by B.M. and the EMT who treated her shortly after the beating, and B.M. was subject to cross-examination, we find Appellant suffered no prejudice as a result of the admission of Officer Burton's testimony. Therefore, we need not consider whether

the challenged testimony was admissible under the "excited utterance" exception to the hearsay rule.  Accordingly, Appellant's application to reopen is denied.


**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**


<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**


<u>Case No. 24 MA 0047</u>