[Cite as *State v. Howze*, 2025-Ohio-1300.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEREMY HOWZE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0002**

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

**JUDGMENT:**
Denied.

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee (No Response Filed) and

Jeremy Howze, Defendant-Appellant.

Dated: April 8, 2025

**PER CURIAM.**

{¶1} On February 12, 2025, Appellant, Jeremy Howze, filed a timely pro se application to reopen his direct appeal pursuant to App.R. 26(B). No opposition brief was filed.

{¶2} A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error, or an argument in support of an assignment of error, that was not considered on the merits (or that was considered on an incomplete record) due to appellate counsel's deficient representation. App.R. 26(B)(1),(2)(c). Pursuant to the rule, in order to warrant reopening for further briefing, the application must demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If a genuine issue on ineffectiveness is established and further briefing is ordered, then the appellant must fully prove the ineffectiveness of appellate counsel by demonstrating deficient performance and prejudice. App.R. 26(B)(7)-(9).

{¶3} The traditional two-pronged test for deficiency and prejudice provides the underlying framework for assessing whether an application raises a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B)(5). *State v. Tenace*, 2006-Ohio-2987, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Adams*, 2016-Ohio-3043, ¶ 2. *See also* App.R. 26(B)(2)(d) (requiring a sworn statement on the basis for claiming deficient representation and how the deficiency prejudicially affected the outcome of the appeal). Deficient performance means a serious error in representation that falls below an objective standard of reasonableness. *Strickland*, *supra*, (refrain from second-guessing the strategic decisions of counsel). In assessing the alleged deficiency, a reviewing court defers to counsel's judgment and presumes the contested conduct was within the wide range of reasonable representation. *Tenace* at ¶ 7. Prejudice exists if there is a reasonable probability the result of the proceedings would have been different in the absence of the alleged deficiency. *Id.* at ¶ 5. A reasonable probability is more than "some conceivable effect on the outcome of the proceeding." *Strickland* at 693; *State v. Carter*, 72 Ohio St.3d 545, 558 (1995) (counsel's lacking performance caused unreliable results or fundamental unfairness).

**{¶4}** More specifically to the first stage in App.R. 26(B), for the applicant "to justify reopening his appeal" for further briefing, he must meet "the burden of establishing there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Tenace* at ¶ 6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). *See also State v. Were*, 2008-Ohio-5277, ¶ 11. A reopening applicant must keep in mind the following principle: "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Tenace* at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983) and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

**{¶5}** On November 18, 2024, we affirmed Appellant's convictions for one count of aggravated possession of drugs (methamphetamine, a schedule II drug) in violation of R.C. 2925.11(A) and (C)(1)(b) (Count III); one count of trafficking in tramadol (a schedule IV drug) in violation of R.C. 2925.03(A)(2) and (C)(2)(b), a felony of the fourth degree with a forfeiture specification pursuant to R.C. 2941.1417(A) (Count IV); and one count of possession of drugs (tramadol) in violation of R.C. 2925.11(A) and (C)(2)(b), a felony of the fourth degree (Count V) with a forfeiture specification pursuant to R.C. 2941.1417(A). *State v. Howze*, 2024-Ohio-5447 (7th Dist.).

**{¶6}** In his application, Appellant cites page 170 of the trial transcript for the proposition that the state conceded the indictment was deficient as to Count III and "that there is some changes to the charge [the state] wanted to discuss." Appellant contends Count III of the indictment was later amended from simple possession of drugs to aggravated possession of drugs, therefore he was convicted of a charge essentially different from the charge found by the grand jury.

**{¶7}** Section 10, Article I of the Ohio Constitution states: "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." This constitutional provision "guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. . . Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury." *State v. Headley*, 6 Ohio St.3d 475, 478-479 (1983).

**{¶8}** Here, Appellant cannot establish the factual basis for his ineffective assistance of counsel claim. Following voir dire, the state indicated rather vaguely there were "some changes to the charge [he] would like to discuss," but he had not discussed the changes with defense counsel. The state explained the changes would "probably depend on what [defense counsel] asks based on how the testimony develops." (*Id.* at ¶ 171.) The trial court encouraged counsel to discuss the proposed changes, so both would be prepared to present relevant legal arguments at the conclusion of the testimony.

**{¶9}** Appellant predicates his argument on defense counsel's reference to Count III as "a single count of possession of methamphetamine," (*Id.* at ¶ 163), and the trial court's jury instructions, which identify Count III as a charge of "aggravated possession of drugs," (*Id.* at ¶ 351).

**{¶10}** Contrary to Appellant's argument, Count III of the indictment charged Appellant with aggravated possession of drugs. Count III reads in its entirety:

> [Appellant] did knowingly obtain, possess, or use a controlled substance or a controlled substance analog and the drug involved in the violation is a compound, mixture, preparation, or substance included in Schedule I or II, to wit: Methamphetamine, a Schedule II drug and the amount of the drug equals or exceeds the bulk amount but is less than five times the bulk amount. All in violation of Ohio Revised Code Section 2925.11(A),(C)(1)(b) F-3.

**{¶11}** R.C. 2925.11(C)(1) reads in relevant part:

> If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs.

Simply stated, the charge in Count III was not amended during trial.

**{¶12}** It appears the state's comments regarding "changes to the charge" referred to the jury instructions. At the conclusion of the testimony, the trial court added an

instruction defining "aiding and abetting," but the instruction was related to Counts I and II for which Appellant was ultimately acquitted. (Trial Tr. p. 290-294.)

{¶13} As we find no genuine issue as to whether Appellant was deprived of the effective assistance of appellate counsel, Appellant's application to reopen his direct appeal is denied.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 BE 0002