[Cite as *State v. Boyd*, 2023-Ohio-271.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT BOYD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0131**

---

Application to Reopen

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Ralph M. Rivera,* Assistant Chief, Criminal Division, Office of the Mahoning County Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503 for Plaintiff-Appellee and

*Robert Boyd*, pro se, Lake Erie Correctional Institution, P.O. Box 300, Columbus, Ohio 43146, Defendant- Appellant.

**Dated:** January 26, 2023

**PER CURIAM.**

**{¶1}** Defendant-Appellant Robert Boyd has filed an application to reopen his direct criminal appeal under App.R. 26(B). For the following reasons, the application for reopening is denied.

**{¶2}** After a jury trial in the Mahoning County Common Pleas Court, Appellant was convicted of: rape (anal sex with victim A, who was 17 years old at the time of the March 31, 2017 incident); rape (anal sex with victim B, who was 14 years old at the time of the April 17, 2016 incident); gross sexual imposition (victim B); two counts of disseminating matter harmful to juveniles (texting photographs of his penis to victim C, who was 16 years old at the time of texts in March 2017); and nine counts of illegal use of a minor in nudity-oriented material (photographs on a hard drive recovered during the execution of search warrants). His brief on appeal raised arguments related to the denial of his suppression motion, sufficiency of the evidence, weight of the evidence, ineffective assistance of counsel, and sentencing. On September 30, 2022, this court affirmed his convictions*. State v. Boyd*, 7th Dist. Mahoning No. 20 MA 0131, 2022-Ohio-3523. On November 10, 2022, Appellant filed this timely application for reopening.

**{¶3}** A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error or an argument in support of an assignment of error that previously was not considered on the merits (or that was considered on an incomplete record) because of appellate counsel's deficient representation. App.R. 26(B)(1),(2)(c). Pursuant to the rule, in order to warrant reopening for further briefing, the application must demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If a genuine issue on ineffectiveness is established and further briefing is thus ordered, then the appellant must fully prove the ineffectiveness of appellate counsel by demonstrating deficient performance and prejudice. App.R. 26(B)(7)-(9).

**{¶4}** The traditional two-pronged test of deficiency and prejudice also provides the underlying framework for assessing whether Appellant raised a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B)(5). *State v. Tenace*, 109

Case No. 20 MA 0131

Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 2. This is supported by the rule's requirement that the application for reopening be accompanied by "[a] sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *." App.R. 26(B)(2)(d). Appellant submitted a one-sentence affidavit generally swearing to the truthfulness of the allegations in the ten-page application and saying he was denied effective assistance of appellate counsel.

{¶5} The deficiency prong of the test evaluates whether the representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In assessing the cited deficiency, we heavily defer to counsel's judgments and strongly presume the contested conduct was in the wide range of reasonable representation. *Tenace*, 109 Ohio St.3d 451 at ¶ 7. Courts refrain from second-guessing the strategic decisions of counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Prejudice is a reasonable probability the result of the proceedings would have been different in the absence of the cited deficiency. *Tenace*, 109 Ohio St.3d 451 at ¶ 5. A reasonable probability is more than "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 69. *See also Carter*, 72 Ohio St.3d at 558 (unreliable results or fundamentally unfair proceedings due to counsel's lacking performance).

{¶6} More specifically to the first stage in App.R. 26(B), for the applicant "to justify reopening his appeal" for further briefing, it has been said he must meet "the burden of establishing there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Tenace*, 109 Ohio St.3d 451 at ¶ 6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). *See also State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 11. In considering this test, it has been emphasized, "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Tenace*, 109 Ohio St.3d 451 at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) and *State v. Sanders*, 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18 (2002).

**{¶7}** "An error-free, perfect trial does not exist, and is not guaranteed by the Constitution." *State v. Italiano*, 7th Dist. Mahoning No. 19 MA 0095, 2021-Ohio-1283, ¶ 35, citing *State v. Hill*, 75 Ohio St.3d 195, 212, 661 N.E.2d 1068 (1996). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues, to avoid diluting the force of stronger arguments." *Jones*, 463 U.S. at 751-752. Accordingly, constitutionally effective appellate counsel need not raise every non-frivolous argument the client wishes to present. *Id.* at 751. Making choices on the appellate arguments is a strategical decision used to avoid diluting the strength of stronger arguments. *Id.* at 752. Appellant raises at least twelve additional arguments he believes appellate counsel should have briefed.

**{¶8}** First, Appellant argues appellate counsel should have contested the trial court's refusal to sever the charges, emphasizing the inflammatory nature of sex offenses involving juveniles. He suggests severance was required as the other offenses would be inadmissible other acts evidence if there had been a separate trial for each of the following groups: count one, rape of victim A; counts two and three, rape and gross sexual imposition of victim B; counts five and six, disseminating matter harmful to a juvenile (victim C); and counts seven through fifteen, illegal use of a minor in nudity-oriented material.

**{¶9}** When a defendant moves to sever counts, he must furnish the trial court with sufficient information to weigh the benefits of joinder against the prejudice it may cause, and the trial court's decision must be upheld in the absence of an abuse of discretion. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 44, 46. Even if the weighing favors severance, a defendant's claim can be overcome if *either* (1) the state could have introduced other acts evidence under Evid.R. 404(B) in the trial of the other offense *or* (2) the evidence of each crime is simple and direct. *Id.*, citing *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990). If "the evidence of each crime is uncomplicated," then the jury is "capable of segregating the proof of multiple charges" which are tried together. *Id.* at ¶ 52. The evidence of each set of offenses was simple and direct with no complicated evidence. Appellant's argument fails to recognize that "[u]nder the second method, the 'joinder' test, the state is not required to meet the stricter

'other acts' admissibility test, but is merely required to show that evidence of each crime joined at trial is simple and direct." *Lott*, 51 Ohio St.3d at 163.

**{¶10}** Second, Appellant argues appellate counsel should have raised speedy trial arguments. In addition to arguing the 270-day period for felonies expired, he points to the 90-day period for misdemeanors in counts five and six and says they would be subject to the felony period only if they arose out of the same act or transaction as the felonies. *See* R.C. 2945.71(D). However, this misdemeanor issue was not raised to the trial court. Moreover, Appellant ignores the various tolling events before his time waiver, except to argue time should not be held against him for the withdrawals of various attorneys if he had a good reason for terminating counsel; however, this is incorrect if the withdrawals necessitated continuances. His fourth attorney filed a statutory speedy trial motion to dismiss based on the total time exceeding 270 days prior to his time waiver, seeking to invoke the state's burden to prove tolling events. The state's response explained some of the applicable tolling events, including discovery requests, a withdrawal request, and the continuances extending through his speedy trial waiver. Upon reviewing the calculations, appellate counsel could reasonably refrain from briefing the issue (which was only close for the unraised misdemeanors but still under 90 days).

**{¶11}** As to his January 29, 2019 time waiver (which said it did not waive any prior violation), Appellant claims his December 9, 2019 pro se motion to dismiss on speedy trial grounds constituted his revocation of the waiver. As the state points out, the revocation must demand trial with no further continuances, which did not occur until March 13, 2020. In any event, a reasonableness test replaces statutory time after a speedy trial waiver has been adequately revoked. *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987). In arguing the constitutional reasonableness test was violated, Appellant cites to the February 2020 death of a non-victim juvenile without discussing the reasons the trial did not occur as scheduled in the months before (or after) that date. After his third attorney's last-minute motions (including to sever and suppress) caused delays in various 2019 trial dates, Appellant filed the December 2019 pro se motion he claims should equate with a revocation (and other letters). His attorney withdrew, and his fourth attorney was appointed on January 9, 2020. A jury trial was reasonably set for April 2020 but was later continued due to pandemic orders. (4/17/20 J.E.). Appellant moved to dismiss on speedy trial grounds in May 2020, which the trial court overruled on July 27,

2020. The jury trial was set for August, but commenced in September 2020 after defense counsel obtained a continuance. There are no indications the reasonableness test was violated. The facts and arguments set forth do not demonstrate there is a genuine issue of ineffective appellate counsel for failing to raise a speedy trial argument.

{¶12} Third, Appellant argues appellate counsel should have specifically argued there was only probable cause to search for evidence of alcohol and tobacco offenses under the first search warrant (rather than adopting an "all or nothing approach" arguing against probable cause). Appellant says the affiant admitted a lack of probable cause for importuning or sexual conduct (repeating an argument in his prior application to reconsider). On appeal, appellate counsel broadly argued the trial court erred in overruling the suppression motion; he also specifically argued the affidavit to obtain the search warrant for his social media account lacked probable cause and the warrant was overbroad by authorizing a general exploratory search. *Boyd*, 2022-Ohio-3523 at ¶ 6, 12. We set forth the law, recited the facts in the warrants, and found probable cause supported the warrant, which was not overbroad. *Id.* at ¶ 6-22. We concluded not only was there probable cause on alcohol and tobacco offenses, but there was also probable cause to believe he asked juveniles for nude photographs and to engage in sexual conduct with him. *Id.* at ¶ 22. An applicant fails to show a genuine issue of prejudice if the issue was addressed by the appellate court in the direct appeal, despite a lack of precise briefing of the particular argument. *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 11.

{¶13} Fourth, Appellant argues appellate counsel should have raised an assignment of error on prosecutorial misconduct and on trial counsel's failure to object to it. He claims the state essentially vouched for the victim's credibility and called Appellant a liar by cross-examining him as to whether he was saying victim A and B were lying and asking why they would do so. As the state points out, the victims testified at trial, and the prosecutor can cross-examine the testifying defendant on relevant topics under Evid.R. 611(B). Appellant's defense was the victims were lying about consent (victim A) or the extent of the sexual relationship (victim B). There is also no indication of misconduct in the prosecutor asking victim A if he thought Appellant owned the car he posed with in the photograph on his social media page. Appellant additionally says the nurse practitioner vouched for victim A's credibility by testifying she would label the case as "concerning for

sexual abuse." Instead of objecting, defense counsel utilized the nurse practitioner's testimony to emphasize victim A did not inform her he initially consented to the anal sex. Appellate counsel could reasonably believe trial counsel's failure to object was a tactical decision and lacking in prejudicial effect where the victim testified on anal rape and the defense was the victim was lying.

**{¶14}** Fifth, Appellant complains the state incompletely quoted the law during the opening statement and closing argument without objection from trial counsel. As for the opening statement, Appellant notes the state said gross sexual imposition involved the touching of an erogenous zone without mentioning the force or threat; however, at the contested point, the state was merely contrasting one element to distinguish it from rape. He also suggests the state should have fully defined nudity in the opening statement when it summarized the last counts as "illegal use of a minor in nudity-oriented material for possessing nude photographs of children" and elsewhere called these counts "child pornography." (Tr. 184). However, this was just a preview of the charges, and using the term child pornography was not incorrect. *See Osborne v. Ohio*, 495 U.S. 103, 109 L.Ed.2d 98, 110 S.Ct. 1691 (1990) (calling the charges child pornography if they meet this definition).

**{¶15}** As for closing arguments, Appellant points out the prosecutor is quoted as defining nudity as "nude or graphically focused on the genitals" instead of "lewd or graphically focused on the genitals." If this was not a mishearing, then it was a brief misstatement quickly followed by an explanation that it was for the jury to determine whether the display was "lewd" (and the state noted the jury would receive a lengthy definition later). (Tr. 736). In the direct appeal, we already found it was valid to consider where "your eyes immediately go" for the graphic focus portion of the definition. *Boyd*, 2022-Ohio-3523, ¶ 73. Next, the state's closing argument saying Appellant "should have known" the age of the victim (in counts five and six) was not at variance with the statute Appellant cites, which includes the option, "or reason to believe that the person receiving the information is a juvenile." (Tr. 733); R.C. 2907.31(D). *See also Boyd* at ¶ 13-15 (reconsideration denied, explaining our evaluation of "good reason for belief" was akin to the statute's "reason to believe"). As the state alternatively observes, the court correctly charged the jury, and "it is presumed that the jury followed the court's instructions." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 195 (where the

defendant argued the prosecutor misstated the law in a death penalty case). None of Appellant's examples raise a genuine issue that appellate counsel was ineffective by failing to claim the prosecutor committed misconduct or trial counsel was ineffective for failing to object.

{¶16} Sixth, Appellant says appellate counsel should have claimed an expert report was required to support the school resource officer's unobjected-to testimony defining delayed disclosure (before he noted what victim B disclosed after Appellant was arrested). However, the record does not indicate the defense was surprised or prejudiced by the officer defining delayed disclosure. Rather, defense counsel took advantage of the topic on cross-examination where he utilized the officer to point out victim A did the opposite of incremental disclosure, as he reported a rape and later disclosed consensual sex turned into rape. (Tr. 588). Regardless, both trial and appellate counsel could have reasonably concluded the officer was not testifying as an expert merely because his general answer relied on his training and experience. *See State v. Baker*, 2020-Ohio-7023, 166 N.E.3d 601, ¶ 34-35 (7th Dist.) (a police officer can still provide a lay opinion even if it is based on training and experience), citing *State v. McKee*, 91 Ohio St.3d 292, 296, 744 N.E.2d 737 (2001) (drug user can provide lay opinion on identity of drugs). A genuine issue does not exist as to appellate counsel's effectiveness on this issue.

{¶17} Seventh, Appellant argues the prosecutor improperly impeached him with evidence that was not in the record. After Appellant testified about having consensual anal sex with victim A, the prosecutor sought to impeach his credibility by asking if he remembered telling the officer he did not have sex with victim A while saying it would not matter anyway because the victim was of legal age. (Tr. 684). However, it is permissible to impeach Appellant by examining him about his own prior statement. *See* Evid.R. 613. We also note the officer had already testified Appellant initially said he merely went to get fast food with victim A and subsequently said it would have been legal even if they had sex. (Tr. 567-568). Next, the prosecutor pointed to Appellant's testimony that victim C claimed he went to a particular college and asked Appellant about text messages the interviewing officer showed him during the interview, inquiring whether he noticed the texts mentioned school but not college. (Tr. 679). Notably, the text messages were an exhibit used during victim C's testimony by the state and the defense. (Tr. 394, 409); (St.Ex. 19). In any event, Appellant incorrectly argues he could not be impeached with

questioning about facts not in evidence.  *See* Evid.R. 608(B); Evid.R. 616(C).  There is no genuine issue of appellate counsel effectiveness in refraining from presenting this issue on appeal.

**{¶18}** Eighth, Appellant says counsel should have raised an argument about the state's failure to disclose evidence, citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.E.2d 215 (1963) (due process violation if state withholds favorable evidence which is material to guilt or punishment).  At trial, defense counsel pointed out he thought the anal sex with victim A started as rape.  Two days before trial, the prosecutor explained she met with victim A, who clarified that he originally consented to anal sex but Appellant refused to stop when asked.  The prosecutor offered notes of the recent discussion.  Defense counsel expressed he was satisfied with this.  He said he was not arguing the witness's testimony should be excluded and was content with the available time to prepare his cross-examination.  (Tr. 284).  Considering these remarks, there was no reason for appellate counsel to raise the issue.  In fact, Appellant's ineffectiveness argument relies on the failure to raise this item in conjunction with a different alleged *Brady* violation.  Appellant says he believed victim B would be claiming he was anally penetrated with a finger and learned at trial victim B was claiming he was anally penetrated with a penis.  Both methods of penetration are the same type of rape.  Regardless, this subject was not raised below.  The record contains testimony that victim B's testimony was consistent with his January 9, 2019 statement to police.  (Tr. 552-553).  There is no indication of a lacking pretrial disclosure in the record, which was required before appellate counsel could raise the issue, as discussed next.

**{¶19}** Ninth, Appellant claims the prosecutor allowed witnesses to present false testimony.  A defendant who alleges prosecutorial misconduct by presenting perjured testimony must show the prosecutor knew the testimony was false.  *State v. Iacona*, 93 Ohio St.3d 83, 97, 752 N.E.2d 937 (2001).  The cited *Napue* case involved a post-conviction relief petition which established the state failed to correct testimony the state knew to be false (as it dealt with the very promise the state made to the witness). *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).  In this reopening application, Appellant cannot rely on facts outside of the record.  Although App.R. 26(B) allows an appellate court to inquire into the effectiveness of *appellate counsel* through affidavit (and an evidentiary hearing can be ordered after reopening), this does not allow

for additions to the trial record for briefing. In the direct appeal of a criminal conviction, counsel cannot rely on items outside of the record to prove facts or to show a deficiency in representation or a resulting prejudicial impact. *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001). *See also State v. Ishmail*, Ohio St.2d 402, 406, 377 N.E.2d 500 (1978) (appellate court is limited to what transpired as reflected by the record on direct appeal). Accordingly, appellate counsel cannot render ineffective assistance of counsel by failing to raise items on direct appeal that could not have been considered by the appellate court. *State v. Clark*, 7th Dist. Mahoning No. 08 MA 15, 2015-Ohio-2584, ¶ 23.

**{¶20}** As for an allegation relying on an item *in the record* to claim false testimony (on whether victim B returned to Appellant's house in the year after the sexual encounter), we notice the affidavit in support of the warrant indicates victim B reported he obtained fireworks from Appellant's house almost a year after the date at issue. When defense counsel asked victim B if he returned to Appellant's house after the sexual encounter, he said no (but he then immediately said counsel was trying to confuse his words). (Tr. 507). Appellant also complains the officer testified he was "not specifically aware" whether victim B returned to the house (in the year after the rape); however, the officer then agreed messages indicated Appellant and victim B had subsequent contact and said he "wouldn't be surprised if [victim B] had been at the house * * *." (Tr. 599). Notably, these instances of testimony were not presented by the state but were elicited during cross-examination by defense counsel. As discussed in the direct appeal, defense counsel addressed the topic to challenge victim B's answer. *Boyd*, 2022-Ohio-3523 at ¶ 117-121 (finding no deficiency or prejudice). Prosecutorial misconduct is not indicated on the record.

**{¶21}** Tenth, Appellant says the affidavit in support of the second search warrant for electronic devices demonstrated a reason to believe he had computers at his Lockwood Boulevard home but did not cite a reason to believe there was a computer at his West Boulevard home (the location of the hard drive containing the nine photographs of naked children). Initially, we note the police saw multiple desktops and a laptop at the Lockwood house several days before the warrant. Laptops are highly portable, and a warrant for the residence under renovation need not be limited to a laptop when there is probable cause Appellant owns and regularly uses electronic devices. Moreover, the search warrant affidavit pointed out Appellant moved to the Lockwood house after his

home on West Boulevard suffered a fire six months earlier. It also revealed Appellant had a hard drive for security cameras at his West Boulevard house at the time of the fire.

{¶22} As we observed in the direct appeal, the police seeking the second warrant had probable cause to believe Appellant hired a juvenile for sex (from the evidence obtained in executing the first warrant). *Id.* at ¶ 41. The affiant relayed how Appellant told this juvenile he was working on his West Boulevard home and suggested they use the bedroom for oral sex. Although the prior hard drive was provided to the fire department at the time of the fire, the existence of security cameras was a consideration. A more specific probable cause argument would not have assisted appellate counsel's suppression argument addressed in the direct appeal. Appellant also claims a clearer argument should have been made about the lack of probable cause for child pornography. However, we rejected this contention based on the argument of a lacking nexus and upheld the search warrants for the computers. *Id.* at ¶ 24, 38-46; *Adams*, 146 Ohio St.3d 232 at ¶ 11 (no genuine issue on prejudice if the issue was addressed by the appellate court in the direct appeal, despite a lack of precise briefing of the particular argument).

{¶23} Eleventh, Appellant generally refers to the sufficiency of the evidence on counts one, two, and three. Counsel challenged the sufficiency of the evidence for count one, and we rejected the argument. *Boyd*, 2022-Ohio-3523 at ¶ 50-60. Although counsel did not brief a sufficiency argument on counts two and three, counsel did challenge the weight of the evidence as to those counts, arguing victim B's testimony lacked credibility; we rejected the argument. *Id.* at ¶ 81-89. Although the concepts are different, the finding that a conviction is not against the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McGowan*, 7th Dist. Jefferson No. 14 JE 37, 2016-Ohio-48, ¶ 4 (denying reopening). Appellant contends appellate counsel should have raised items outside of the record, such as his medical history, to prove he could not rape victim A or B. However, as discussed supra, appellate counsel cannot render ineffective assistance of counsel by failing to raise items on direct appeal that could not have been considered by the appellate court. *Clark*, 7th Dist. No. 08 MA 15 at ¶ 23. *See also Hartman*, 93 Ohio St.3d at 299 (appellate counsel cannot rely on items outside of the record to prove facts or to show a deficiency in representation or a resulting prejudicial impact).

**{¶24}** Lastly, Appellant contends appellate counsel could have presented an assignment of error on cumulative error if he had raised Appellant's fourth, fifth, seventh, eighth, and ninth reopening arguments. Those arguments did demonstrate a genuine issue of ineffective assistance of appellate counsel for various reasons, including the reliance on evidence outside of the record and lack of error. This final argument does not strengthen the application to show a genuine issue as to counsel's effectiveness on appeal. *See State v. Dumas*, 7th Dist. Mahoning No. 12 MA 0031, 2016-Ohio-4799, ¶ 12 (denying reopening).

**{¶25}** We conclude Appellant did not demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5). Counsel reasonably selected the arguments to brief on appeal, and we issued a thirty-four-page opinion addressing those arguments, broadly and specifically. As explained supra, it is a valid appellate strategy for counsel to limit the amount of arguments in order to avoid diluting the strength of the favored arguments. *Tenace*, 109 Ohio St.3d 451 at ¶ 7, citing *Jones*, 463 U.S. at 751 (appellate counsel does not render ineffective assistance by "focusing on one central issue if possible, or at most on a few key issues, to avoid diluting the force of stronger arguments."). For the foregoing reasons, the application for reopening is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**